UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

NINGBO YINZHOU HONGYUAN FOREIGN TRADE CO. LTD
and SPRINGTEX INTERNATIONAL CO.LTD.,

          Index No.

          COMPLAINT

          Plaintiffs,

-against-

EDWARD DANIEN HARRISON,

          Defendant.

-------------------------------------------------------------------------X

    Plaintiffs, Ningbo Yinzhou Hongyuan Foreign Trade Co. Ltd and Springtex International Co., Ltd, by and through their undersigned attorneys, bring this action and allege herein as follows:

## PARTIES

    1.    Plaintiff Springtex International Co., Ltd. (hereinafter "Springtex"), is a corporation incorporated in the People's Republic of China and located in Springtex Building, Lijiaqiao, QiYun Road, Ningbo, China. Among other activities, Springtex is a manufacturer and seller of baby garments.

    2.    Plaintiff Ningbo Yinzhou Hongyuan Foreign Trade Co. Ltd (hereinafter "Hongyuan"), is a corporation incorporated in the People's Republic of China and located in No. 257 East Huifeng Road, Yinzhou District, Ningbo, China. Among other activities, Hongyuan is an exporter and seller of baby garments. Hongyuan exports and sells baby

1

garments manufactured by Springtex to U.S. buyers, including Defendant.

3. Defendant Edward Danien Harrison is an individual residing at 1085 Park Ave, New York, New York 10128. Harrison is the Managing Member and the Chief Executive Officer of Joseph Henry LLC, d/b/a egg by susan lazar (hereinafter "Joseph Henry"). Joseph Henry is a limited liability company organized and existing under the laws of New York State. Among other activities, Joseph Henry is a supplier and retail seller of baby garments.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(a) and (c)(1), because it is a controversy between citizens of a foreign state (Plaintiffs) and citizen of a state (Defendant), and because the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

5. Venue is proper in this district pursuant to 28 U.S.C. §1391(a) and (c). Defendant Harrison resides in this District.

## NATURE OF THE ACTION

6. This action is filed by Plaintiffs against Defendant Harrison to enforce the Personal Guaranty by which Defendant Harrison agreed to be personally responsible for payments owed by Joseph Henry.

## FACTS

7. Joseph Henry submitted purchase orders to Springtex for the sale and delivery of baby garments for the Fall 2015 production. Springtex agreed to manufacture and sell the requested baby garments to Joseph Henry.

8. Joseph Henry and Hongyuan signed a Sales Confirmation (20150410A) on April 10, 2015. Pursuant to the Sales Confirmation (20150140A), Hongyuan, as Springtex's agent and exporter, would sell and export the baby garments manufactured by Springtex to Joseph Henry and Joseph Henry would make payments within 30 days of receipt of the merchandise. A true and accurate copy of the Sales Confirmation (20150410A) is annexed hereto as **Exhibit A**.

9. Joseph Henry made payments to Plaintiffs in the amount of **$180,000** as a deposit.

10. Plaintiffs manufactured and shipped all the goods to Joseph Henry before August 15, 2015. The total price is **$490,225.52**. Joseph Henry accepted delivery of the goods.

11. Crediting the $180,000 deposit, the amount due under the Sales Confirmation (20150410A) is **$310,225.52**. Joseph Henry failed to make any payment by the due date or thereafter.

12. After repeated requests by Plaintiffs for payments owed, Defendant Harrison, the Managing Member and the Chief Executive Officer of Joseph Henry, signed a Personal Guaranty on November 17, 2015.

13. Pursuant to the Personal Guaranty, Springtex agreed to give Joseph Henry

a **$10,225.52** discount on the amount due provided that the remaining balance of **$300,000** would be paid before March 15, 2016. Defendant Harrison agreed to obligate himself personally to "pay and be responsible for payments of all balance due Vendor by Vendee … total $300,000 for all Fall 15 payment excluding the interest," and that "in the event of any default at any time by the Vendee, the Vendor shall be entitled to look to [him] immediately for full payment without prior demand or notice no sooner than March 15th, 2016." A true and accurate copy of the Personal Guaranty is annexed hereto as **Exhibit B**.

14. Joseph Henry failed to make payment by March 15, 2016.

### FIRST CAUSE OF ACTION AGAINST EDWARD DANIEN HARRISON: BREACH AND ENFORCEMENT OF PERSONAL GUARANTY

15. Plaintiffs incorporate the preceding paragraphs as though fully set forth herein.

16. On November 17, 2015, for valuable consideration, Defendant Harrison signed a Personal Guaranty to Plaintiffs by which he guaranteed payment of the obligation owed by Joseph Henry.

17. Pursuant to the Personal Guaranty, Defendant Harrison guaranteed full payment of the balance due by Joseph Henry to Plaintiffs in the amount of $300,000, in the event that Joseph Henry failed to make payment of the same sum by March 15, 2016.

18. Despite Plaintiffs' written demand, Harrison has not repaid the $300,000 due under the Personal Guaranty, and thus has breached his obligation under the Personal

Guaranty.

19. As a result of Harrison's breach, Plaintiffs have been damaged in the amount of $300,000 plus interest from March 15, 2016.

**WHEREFORE**, Plaintiffs pray for a judgment as follows:

a) On the First Cause of Action, as against Defendant Edward Danien Harrison in the amount of **$300,000** plus interest from March 15, 2016; and

b) Such other and further relief as the Court may deem just and reasonable.

Dated: New York, New York
June 1, 2016

                                              Reid &Wise LLC

                                              _____

                                              Matthew Sava (MS 9231)
                                              Attorney for Plaintiffs
                                              One Penn Plaza, Suite 2015
                                              New York, New York 10119
                                              (212) 858-9968